UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, :<br>:<br>v. :<br>:<br>MOISES HUMBERTO RIVERA-LUNA, :<br>and TOKIRO RODAS-RAMIREZ, :<br>:<br>Defendants. : | Case No. 10-cr-256-14, 16 (RCL) |

**GOVERNMENT'S NOTICE OF OTHER CRIMES AND ENTERPRISE EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, provides notice that at trial it will seek to introduce the prior criminal convictions of defendant Moises Humberto Rivera-Luna as well as certain immigration records of both defendants. The Government also provides notice that, as in the 2013 trial in this case, it will present evidence of threats and acts of violence by other members of MS-13 against the family of a cooperating witness. As demonstrated below, this evidence will help prove identity and the existence of the enterprise charged in the indictment.

**I.     FACTUAL BACKGROUND**

As the Court knows, the defendants are charged with RICO conspiracy in violation of 18 U.S.C. § 1962(d). Doc. 330 (Fourth Superseding Indictment). They are charged with committing certain criminal acts on behalf of MS-13. Most of the violent acts set forth in the indictment occurred from 2008 to 2010. Defendant Moises Humberto Rivera-Luna was deported prior to 2008, and he was not in the United States when the crimes charged in the indictment took place. Defendant Tokiro Rodas-Ramirez was deported in 2009, so, apparently, he too was not in the United States when many of the crimes charged in the indictment occurred.

The Government expects that the evidence at trial will show that witnesses spoke directly

with Rivera-Luna via telephone, but only one or two witnesses met with him face-to-face. Likewise, only a few witnesses met with Rodas-Ramirez face-to-face. Accordingly, the Government anticipates that identity will be at issue in trial; therefore, the Government should be permitted to introduce certain prior criminal convictions and facts regarding the defendants' deportations to prove identity.

## II.   ARGUMENT

### A.   Legal Standard for 404(b) Evidence

Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, identity, plan, knowledge, and absence of mistake. *See United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of inclusion rather than exclusion. *Id.* at 929. As the Court of Appeals has noted, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance -- for the purpose of proving that a person's actions conformed to his character. *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars not evidence as such, but a theory of admissibility. *Id.* at 1202; *see also United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) (noting that under Rule 404(b) evidence is admissible if introduced for a "proper purpose so long as the evidence is not offered *solely* to prove character.") (quoting *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. (1990)). If the evidence is admissible under 404(b), it will be admitted unless the Court finds it inadmissible under Rule 403. *Id.; see Huddleston v. United States*, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence.").

B. **<u>Evidence of the defendants' prior criminal history and deportations should be admitted under Rule 404(b).</u>**

In this case, the Government must prove that defendant Rivera-Luna used the moniker "Viejo Santos," *i.e.*, his identity, and gave orders to other members of MS-13 via telephone. Additionally, to prove Rodas-Ramirez's identity, the Government intends to introduce intercepted phone calls between Rodas-Ramirez and MS-13 members discussing gang activities.

The courts have recognized that evidence of a defendant's prior criminal history can be used under Rule 404(b). *See, e.g., United States v. McGill*, 815 F.3d 846, 883-885 (D.C. Cir. 2016) (evidence of prior murder admitted to show motive for defendant joining conspiracy). Likewise, criminal history may be used to show identity. *See, e.g., United States v. Hitt*, 2018 WL 288013 (E.D. Cal.), *aff'd*, 2022 WL 595867 (9th Cir.). In *Hitt*, the defendant was charged with possession of child pornography associated with a particular email account listed, in part, as "king james." *Hitt*, 2018 WL 288013 at *2-*4. The user of that email account explicitly referred to his criminal history, which was consistent with the defendant's history. *Id.* Accordingly, the evidence of his criminal history was admitted at trial to show that he was the person using the "king james" email account. *Id.; see also United States v. Popow*, 821 F.2d 483 (8th Cir. 1987) (admitting evidence of defendant's prior deportation to show knowledge, motive, and intent in giving false statement to customs officer).

Here, the evidence will show that defendant Rivera-Luna was deported following a conviction in a domestic assault case in California. The evidence will also show that he was incarcerated in El Salvador during the time frame charged in the indictment. The Government anticipates that a cooperating witness will testify that the person he knew as "Viejo Santos" told him that he had been deported from California following a conviction for a domestic assault. Other witnesses will testify that the leader of the Normandie clique of MS-13 was incarcerated in El

3

Salvador and known as "Viejo Santos." As to defendant Rodas-Ramirez, the evidence will show that he was deported, and, in calls intercepted pursuant to a wiretap, gang leaders made plans to smuggle him back into the country. Accordingly, the evidence is clearly relevant to a key disputed issue (identity) in this case.

Not only is the evidence clearly relevant, but it also passes the second test of admissibility, Fed. R. Evid. 403. *See generally United States v. Sitzmann*, 856 F. Supp. 2d 55, 61 (D.D.C. 2012) (discussing two-step analysis of admissibility for other crimes evidence). Importantly, unfair prejudice is the only focus of Rule 403. *See Cassell*, 292 F.3d at 795-96 (affirming admission of defendant's prior possession of firearm despite Rule 403 challenge). Here, defendant Rivera-Luna's domestic assault conviction pales in comparison to the charges against him in this case. Therefore, the idea that the admission of the domestic assault conviction would rise to the level of unfair prejudice because the jury would be lured into declaring Rivera-Luna guilty "on a ground different from proof specific to the offense charged" is unlikely. *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (The Court reasoned that "where a prior conviction…was for one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious"). Furthermore, the Government does not intend to discuss the facts underlying the domestic assault conviction but only that Rivera-Luna was convicted of domestic assault. Consequently, any argument that the probative value of the domestic assault conviction is substantially outweighed by the danger of unfair prejudice lacks merit. The Government also does not intend to introduce the nature of his crimes (aggravated homicide) in El Salvador, *i.e.*, the basis for his incarceration in El Salvador. Accordingly, evidence of Rivera-Luna's criminal history and the fact that he and Rodas-Ramirez were deported will not unduly prejudice the defendants. *See United States v. Machado Erazo*, 47 F.4th 721, 730 (D.C. Cir. 2022) (finding that "other crimes evidence" not

unfairly prejudicial when this evidence related only to crimes committed by Normandie and Sailors cliques when defendants were members of those same cliques and when evidence showed that defendants themselves engaged in violence including murder); *McGill*, 815 F.3d at 883-84 (any prejudice from "other crimes evidence" was dissipated by charged violent crimes). Finally, the Government will not oppose an appropriate limiting instruction. *See, e.g., United States v. Mitchell,* 49 F.3d 769, 777 (D.C. Cir. 1995) (noting that limiting instruction helped alleviate prejudice from introduction of evidence of defendant's prior drug dealing).

### C. Enterprise Evidence

At trial, the Government will introduce evidence relating to the charged crimes and acts committed by defendants Rivera-Luna and/or Rodas-Ramirez. The Government also intends to introduce limited evidence of crimes committed by other members of MS-13: (1) the shooting of three individuals in Reston, Virginia, in October 2008; (2) the murder of a cooperating witness's (C.S.) brother in El Salvador; (3) the kidnapping of C.S.'s sister in El Salvador; and (4) a threat made to C.S.'s mother in El Salvador. The crimes in El Salvador were committed by MS-13 members as evidenced by the threatening notes that referenced C.S. by his gang nickname and his perceived cooperation.[1] Finally, the Government notes that while it does not plan to ask about other crimes committed on behalf of MS-13, the plea agreements of several cooperating witnesses reference other crimes they committed.

The anticipated evidence will help show the existence of the charged RICO enterprise. *See, e.g., United States v. Matera*, 489 F.3d 115, 120-21 (2d Cir. 2007) (admitting evidence of prior

---

[1] *See, e.g., United States v. Ayala*, 601 F.3d 256, 267-68 (4th Cir. 2010) (admitting testimony regarding statements made at MS-13 clique meetings without attributing statements to particular declarants); *United States v. Huskey*, 90 F.4th 651, 667-68 (4th Cir. 2024) (admitting text messages of unidentified co-conspirator when messages used slang employed by members of the charged enterprise); *United States v. Smith*, 223 F.3d 554, 570 (7th Cir. 2000) (document showing structure of enterprise admitted as it showed that it was written by a co-conspirator with knowledge of the enterprise).

murders committed by non-defendants to show existence of Gambino Family enterprise); *see also United States v. Edelin*, 128 F. Supp. 2d 23, 48 (D.D.C. 2001) ("Evidence of the other crimes related to the RICO enterprise and drug conspiracy charged does not come within the definition of Rule 404(b)."); *Boyle v. United States*, 556 U.S. 938 (2008) (to prove enterprise element of a RICO conspiracy, Government must prove that the charged enterprise had structure, a common purpose, and continuity).[2] Accordingly, this evidence should be admitted at trial, and the Government will not oppose an appropriate limiting instruction. *Matera*, 489 F.3d at 120 (noting that trial court told the jury it may not conclude that a defendant is guilty of criminal conduct merely because he is associated with other people who were guilty of wrongdoing).

---

[2] Our circuit preferred to characterize similar evidence as intrinsic evidence and to conduct a 404(b) analysis. *Machado Erazo*, 47 F.4th at 729-30. In any event, the Government, as it did prior to the 2013 trial, is providing notice of the crimes committed by non-defendants that it seeks to introduce so that the Court may balance the admissibility of the evidence under Fed. R. Evid. 403. Our circuit affirmed the admission of the evidence of the Reston shooting, but did not address the crimes related to C.S.'s family apparently because those appellants did not address those crimes. *Id.*

WHEREFORE, for the foregoing reasons, the Government asks that the above-described evidence be admitted at the trial of this matter.

                                JEANINE FERRIS PIRRO
                                United States Attorney

By:               /s/
        NIHAR R. MOHANTY
        D.C. BAR NO. 436-686
        Assistant United States Attorney
        601 D Street, N.W., Fifth Floor
        Washington, D.C. 20530
        (202) 252-7700
        Nihar.Mohanty@usdoj.gov

        DAVID L. JAFFE
        Chief, Violent Crime and Racketeering Section

        s/ *Lakeita F. Rox-Love*
        LAKEITA F. ROX-LOVE
        Trial Attorney
        MS Bar No. 103871
        1301 New York Avenue NW
        Washington, D.C. 20530
        (202) 307-3345
        Lakeita.Rox-Love@usdoj.gov